ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**05/06/2013** at 11:47:00 AM

Clerk of the Superior Court
By Heather Mitchell,Deputy Clerk

1  Mark D. Campbell (State Bar No. 180528)
   Eric B. Schwartz (State Bar No. 266554)
2  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
3  Los Angeles, California 90067-4120
   Telephone:    (310) 282-2000
4  Facsimile:    (310) 282-2200

5  Attorneys for Plaintiff
   KOBE BRYANT

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9     FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

10

11 | Kobe Bryant,                          | Case No. 30-2013-00647629-CU-NP-CJC

12 |          Plaintiff,                   | Hon. Sheila B. Fell
                                          | Dept. C22
13 |     vs.
                                          | **DECLARATION OF MARK D.**
14 | Goldin Auctions, LLC; and DOES 1      | **CAMPBELL IN SUPPORT OF EX**
   | through 25, inclusive,                | **_PARTE_ APPLICATION FOR**
15 |                                       | **TEMPORARY RESTRAINING**
   |                                       | **ORDER AND ORDER TO SHOW**
16 |          Defendant.                   | **CAUSE RE PRELIMINARY**
                                          | **INJUNCTION AND APPOINTMENT**
17                                         | **OF RECEIVER**

18                                         [Memorandum of Points and Authorities,
                                           Request for Judicial Notice, and
19                                         Declarations of Kobe Bryant and Vanessa
                                           Bryant filed, and [Proposed] Order lodged,
20                                         concurrently herewith]

21
                                           Date:  May 7, 2013
22                                         Time:  1:30 p.m.
                                           Dept:  C20
23

24

25

26

27

28

## DECLARATION OF MARK D. CAMPBELL

I, Mark D. Campbell declare as follows:

1.     I am a partner with the law firm of Loeb & Loeb LLP, counsel of record for Plaintiff Kobe Bryant ("Plaintiff") in this action.  I am a member in good standing of the State Bar of California and am licensed to practice before all of the Courts of the State of California, and before this Court.  I make this declaration in support of Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction and Appointment of Receiver.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to those facts.

2.     Attached hereto as Exhibit "A" is a true and correct copy of my April 30, 2013 Cease and Desist Letter ("Cease and Desist Letter") sent via email and facsimile to Kenneth Goldin, whom I understand to be the owner and principal of Goldin Auctions, LLC ("Defendant").

3.     Attached hereto as Exhibit "B" is a true and correct copy of Mr. Goldin's confirmation that he received the Cease and Desist Letter.

4.     Shortly after receiving Mr. Goldin's email, I received a phone call from attorney A. Fred Ruttenberg of Flaster/Greenberg PC, who purported to represent Defendant.

5.     During my call with Mr. Ruttenberg, I indicated to him that my client reviewed the items displayed in Defendant's April 30, 2013 press release, and with one or two exceptions, Plaintiff believed all of the items to be his personal property.  To more accurately determine which items belonged to Plaintiff, I requested an inventory of all items in Defendant's possession relating to Plaintiff.

6.     On May 1, 2013, at 2:33 p.m. I received an email from Mr. Ruttenberg attaching what he represented to be "a list of items in my clients [sic] possession."  True and correct copies of Mr. Ruttenberg's May 1, 2013 email and list of items are attached hereto as Exhibit "C".

7.     The following morning, May 2, 2013, at 9:08 a.m., I receive a second email from Mr. Ruttenberg attaching what he represented to be a "correct list" of items in Defendant's possession.  True and correct copies of Mr. Ruttenberg's May 2, 2013 email and corrected list are attached hereto as Exhibit "D".

8.     On Monday, May 6, 2013, at 9:45 a.m., I sent, via email, a letter notifying Defendant of Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction and Appointment of Receiver to Mr. Kenneth Goldin and his litigation counsel, Jeffrey Cohen of Flaster/Greenberg PC.    True and correct copies of the letter and cover email are attached hereto as Exhibit "E".  I also caused the letter to be faxed to Mr. Goldin and Mr. Cohen at 9:53 a.m.  A true and correct copy of the fax confirmation report is attached hereto as Exhibit "F".

9.     Subsequent to providing ex parte notice I learned from the clerk for the Honorable Sheila B. Fell, that she was unavailable on May 7, 2013, and that her *ex* parte applications were to be heard by the Honorable David R. Chaffee in Department C20. Accordingly, on Monday, May 6, 2013, at 11:13 a.m., I sent an email notifying Defendant that Judge Fell was unavailable and that the Application will be heard instead at 1:30 p.m., in Department C20.  A true and correct copy of that letter is attached hereto as Exhibit "G."

10.    According to the Orange County Superior Court online hearing reservation system, as of May 6, 2013, Judge Fell's next available hearing date is on June 19, 2013.

11.    As of the signing of this declaration, Defendant has not yet informed me whether it will oppose the application.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 6th day of May, 2013 at Los Angeles, California.

MARK D. CAMPBELL

DECLARATION OF MARK D. CAMPBELL

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

# Exhibit A



**MARK D. CAMPBELL**
Partner

10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067

Direct   310.282.2273
Main    310.282.2000
Fax      310.919.3912
mcampbell@loeb.com

Via E-mail (ken@goldinauctions.com)
Via Facsimile ((856) 767-8553)

April 30, 2013

Kenneth Goldin
Goldin Auctions c/o HD Fulfillment
423 Commerce Lane Suite #4
West Berlin, NJ 08091

Re:   *Goldin Auctions Presents: The Kobe Bryant Collection*

Dear Mr. Goldin:

Loeb & Loeb LLP is counsel for Kobe Bryant.

It has come to our attention that Goldin Auctions intends to offer items relating to Kobe Bryant in its June 2013 auction.  According to a press release dated April 30, 2013, Goldin Auctions purportedly received these items on consignment from the "Bryant family."  We have reviewed the Kobe Bryant inventory list on Goldin Auctions' website and have determined (with perhaps one or two exceptions) that all items listed for auction are the rightful property of Kobe Bryant. No one in the "Bryant family", besides Kobe Bryant himself, has any rights to these items.  Kobe Bryant has made previous demands for the return of his personal property, however, these demands have been repeatedly ignored.  Moreover, we have reason to believe that some of the items listed for auction were illegally removed from Kobe Bryant's home. Please be advised that if Goldin Auctions proceeds with the auction of these illegally obtained and retained items it will face both civil and criminal liability for dealing in stolen property.

Kobe Bryant has in no way consigned these items to Goldin Auctions.  Indeed, we believe that these items were obtained by Goldin Auctions from other members of Kobe Bryant's family without his knowledge or consent.  Yet, Goldin Auctions has created the false and misleading impression that Kobe Bryant was involved in the consignment of these items.  In the same press release dated April 30, 2013, Goldin Auctions states "[a]ll of the items have been consigned to auction by the Bryant family."  Additionally, you are quoted as saying "[i]t is gratifying to once again work with Kobe Bryant..."  You continue with a glamorized portrayal of your prior work with Kobe Bryant.  These statements falsely insinuate that Kobe Bryant himself consigned these items for auction.  Goldin Auctions is hereby put on notice that these advertisements, solicitations and promotions are wholly unauthorized by Kobe Bryant.  By engaging in this conduct, Goldin Auctions is infringing upon Kobe Bryant's publicity and other associated rights. [1] Specifically, Goldin Auction's promotion of the unauthorized use of Kobe Bryant's name violates California Civil Code Section 3344 – a provision of law that authorizes the recovery of actual

---

[1] Your conduct may also amount to tortious interference with Kobe Bryant's existing contractual endorsement relationships.



Kenneth Goldin
April 30, 2013
Page 2

damages for the unauthorized use of one's right of publicity.  Moreover, Section 3344 provides that the prevailing party may be entitled to recover punitive damages and "shall be entitled to attorneys' fees and costs," while simultaneously authorizing the pursuit of all additional remedies "provided for by law."

This letter is intended to notify Goldin Auctions of the consequences of its actions, and to demand that Goldin Auctions immediately **cease and desist** any and all further violations of the law and Kobe Bryant's rights.  This demand includes, without limitation: (1) the immediate return of Kobe Bryant's personally property; (2) ceasing any and all references to the "Bryant family" that insinuate that Kobe Bryant was in any way involved with the consignment of these items for auction, (3) providing further assurance **by Wednesday, May 1, 2013**, that Goldin Auctions will immediately discontinue the June 2013 auction featuring items belonging to Kobe Bryant.

Please be advised that should Goldin Auctions fail to comply with the demands set forth above, Kobe Bryant will **immediately** pursue all available legal and equitable remedies against Goldin Auctions and against any participating third-parties.  Such remedies include, without limitation, temporary, preliminary and permanent injunctive relief, compensatory, statutory and punitive damages, and recovery of Kobe Bryant's attorneys' fees.

This letter is not intended to be and is not a complete statement of our client's factual or legal positions.  Neither is this letter intended to be, nor shall it constitute, a waiver of, or limitation upon, any of Kobe Bryant's legal or equitable rights or remedies, all of which are hereby expressly reserved.

We anticipate your prompt compliance and response to this demand.  I can be contacted at the number above if you wish to discuss this matter further.

Sincerely,

Mark D. Campbell
Partner

cc:    Pamela and Joseph Bryant, via email

Exhibit B

**Mark Campbell**

| | |
|---|---|
| **From:** | Ken Goldin <ken@goldinauctions.com> |
| **Sent:** | Tuesday, April 30, 2013 4:55 PM |
| **To:** | Mark Campbell |
| **Subject:** | Re: Cease and Desist |

My attorney and I will be calling you shortly to discuss
Driving over there
Sent from my Verizon Wireless BlackBerry

**From:** Mark Campbell <mcampbell@loeb.com>
**Date:** Tue, 30 Apr 2013 19:24:01 -0400
**To:** Ken Goldin<ken@goldinauctions.com>
**Cc:** 'Pamela and Joseph Bryant (joebryant1019@yahoo.com)'<joebryant1019@yahoo.com>
**Subject:** Cease and Desist

Dear Mr. Goldin,

Please see attached letter of today's date.

Mark D. Campbell
**Mark Campbell**
*Partner and Deputy Chair, Consumer Protection Defense; Deputy Co-Chair, Litigation*
■■ LOEB&
■■ LOEB LLP
10100 Santa Monica Blvd., Suite 2200 | Los Angeles, CA 90067
**Direct Dial:** 310.282.2273 | **Fax:** 310.919.3912 | **E-mail:** mcampbell@loeb.com

Los Angeles | New York | Chicago | Nashville | Washington, DC | Beijing | Hong Kong | www.loeb.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

Exhibit C

**Mark Campbell**

| | |
|---|---|
| **From:** | Ruttenberg, Fred <A.Fred.Ruttenberg@flastergreenberg.com> |
| **Sent:** | Wednesday, May 01, 2013 2:33 PM |
| **To:** | Mark Campbell |
| **Cc:** | 'bocacard88@aol.com' |
| **Subject:** | FW: Bryant List |
| **Attachments:** | 3145527_1.pdf |

Pursuant to your request I am attaching a list of items in my clients possession.

You may not know that when these items were delivered to my client, my client paid the Bryants $450,000 as an advance against the sale receipts. So my client is presently out of pocket the $450,000.

I tried to call you earlier but was told you were out of the office. If you would like to discuss this further, please call me on my cell.

**A. Fred Ruttenberg**
**Flaster/Greenberg PC**

Commerce Center, 1810 Chapel Ave. West, Cherry Hill, NJ 08002
Phone: 856-382-2257 Fax: 856-661-1919 Mobile: 856-236-9914 Email: fred.ruttenberg@flastergreenberg.com

email l bio l offices l v-card

1

a.   Kobe Bryant Keystone Games Medal and Ribbon;

b.   Kobe Bryant Lakers NBA Championship ring;

c.   Kobe Bryant 1995 Adidas ABCD Camp-Outstanding Senior Trophy;

d.   Kobe Bryant Lower Merion High School #33 Central League Champs Jacket;

e.   Kobe Bryant 1996 Gatorade National Player of the Year Award;

f.   Kobe Bryant Lower Merion High School Practice Jersey (#24);

g.   Kobe Bryant Lower Merion High School Jersey (#14);

h.   Kobe Bryant Lower Merion High School Uniform (#33);

i.   Kobe Bryant Lakers Jacket;

j.   Kobe Bryant Lakers Shorts;

k.   Kobe Bryant Lower Merion High School Practice Jersey (#31);

l.   Kobe Bryant Lower Merion High School Practice Jersey (#55);

m.   Kobe Bryant Lower Merion High School Jersey (#33);

n.   Kobe Bryant 1996-1997 Lower Merion High School Varsity MVP Plaque;

o.   Kobe Bryant Lower Merion High School Jersey (#24);

p.   Kobe Bryant Lower Merion High School Shorts;

q.   Kobe Bryant Lower Merion High School Shorts

r.   Kobe Bryant Lower Merion High School Sweat Jacket and pants;

s.   Kobe Bryant Lower Merion High School Shorts.

t.   Kobe Bryant 1996 Gatorade National Player of the Year Award;

u.   Kobe Bryant 2000 All Star Game signed ball;

v.   Kobe Bryant Keystone Games Medal and Ribbon;

w.   Kobe Bryant Lakers NBA Championship ring;

x.   Kobe Bryant Lakers 2000 NBA Championship ring;

1

y.      1996 Kobe Bryant High School state champions ring;

z.      1996-1997 Kobe Bryant Lower Merion High School Varsity MVP Plaque;

aa.     1995 Adidas ABCD Camp-Outstanding Senior Trophy;

bb.     1993-1994 Kobe Bryant Lower Merion High School Varsity Basketball MVP Plaque;

cc.     Kobe Bryant Lower Merion High School #33 Central League Champs Jacket.

dd.     Teen Choice Award Surfboard - not included

ee.     Childhood papers and childhood toys (in cartons – not inventoried)

ff.     Childhood clothing (in cartons)

3145527 v1

2

Exhibit D

**Mark Campbell**

| | |
|---|---|
| **From:** | Ruttenberg, Fred <A.Fred.Ruttenberg@flastergreenberg.com> |
| **Sent:** | Thursday, May 02, 2013 9:08 AM |
| **To:** | Mark Campbell |
| **Cc:** | 'bocacard88@aol.com'· |
| **Subject:** | FW: Items in Goldin Auctions, LLC's Possession |
| **Attachments:** | (3146582 - 1) - Items in Goldin Auctions, LLC_s possession 5-2-13 (2).DOCX |

Attached please find a corrected list.

If you have a chance, could you call me to discuss this matter.

**A. Fred Ruttenberg**
**Flaster/Greenberg PC**

Commerce Center, 1810 Chapel Ave. West, Cherry Hill, NJ 08002
Phone: 856-382-2257 Fax: 856-661-1919 Mobile: 856-236-9914 Email: fred.ruttenberg@flastergreenberg.com

**email l bio l offices l v-card**

1

**Items in Goldin Auctions, LLC's Possession**

1.  1996 Gatorade National Player of the Year Award

2.  2000 All Star Game Signed Ball

3.  Keystone Games Medal and Ribbon

4.  2000 NBA Championship Ring (Joe Bryant)

5.  2000 NBA Championship Ring (Pamela Bryant)

6.  1996 High School State Champions Ring

7.  1996-97 Lower Merion High School Varsity MVP Plaque

8.  1995 Adidas ABCD Camp - Outstanding Senior Trophy

9.  1993-94 Lower Merion High School Varsity Basketball MVP Plaque

10. Lower Merion High School #33 Central League Champs Jacket

11. Lower Merion High School Uniform (#33)

12. Lower Merion High School purple sweatsuit top

13. Lower Merion High School shorts (white)

14. Lower Merion High School shorts (Maroon)

15. Lakers Jacket

16. Lower Merion High School warm up top

17. Lakers Shorts

18. Lower Merion High School purple sweatsuit top

19. Lower Merion High School Jersey

20. Lower Merion High School shorts

21. Lower Merion High School Jersey (#14)

22. 1998 All Star ring

23. 1994-95 Lower Merion High School Varsity MVP Plaque

24. 1992 Sonny Hill League Future Stars Champion Trophy

25.   1995 Mark Freed Award with piece of net

26.   Gym Rats Midnight Madness West MVP Trophy 9/23/95

27.   Herb Good Basketball Club National High School Player of the year 4/25/96

28.   1996 McDonalds High School All American Ring

29.   1996 Annual Magics Roundball Classic All Star Medallion and Ribbon

30.   Varsity Letter (BC)

31.   Varsity Letter (LM)

32.   Varsity Letter (LM)

33.   Varsity Letter (LM)

34.   Varsity Letter (LM)

35.   Lower Merion High School Practice Jersey (#55)

36.   Lower Merion High School Practice Jersey (#24)

37.   Lower Merion High School Practice Jersey (#31)

38.   Lower Merion High School sweatpants (#24)

39.   Lower Merion High School Sweat Jacket and pants

40.   Lower Merion High School Uniform (#33)

41.   Lower Merion High School Jersey (#24)

42.   Italian Rieti #44 Jersey

43.   Lower Merion High School Outstanding Athletic Achievement Award/ Most Outstanding Male Athlete

44.   Lower Merion #24 Purple Shorts

45.   Purple Shooting Shirt

46.   LM Hoops T-shirt

47.   Aces #9 T-shirt

48.   Hot Ticket T-shirt

49.   Get High on Hoops T-shirt

50.  Fleet Feet T-shirt

51.  LM (crimson) T-shirt

52.  Teen Choice Award Surf Board

53.  USA Today player of the year plaque

54.  Approximately 5 boxes (unsorted) of papers, photographs, letters and newspapers
     relating to Kobe's childhood and High School

3146582 v1

Exhibit E

**Eric Schwartz**

| | |
|---|---|
| **From:** | Mark Campbell |
| **Sent:** | Monday, May 06, 2013 9:45 AM |
| **To:** | 'Kenneth Goldin (ken@goldinauctions.com)'; 'Cohen, Jeffrey (Jeffrey.Cohen@flastergreenberg.com)' |
| **Cc:** | Eric Schwartz |
| **Subject:** | Ex Parte Notice |
| **Attachments:** | Ex Parte Notice.pdf |

Please see attached correspondence of today's date.

Mark D. Campbell



**MARK D. CAMPBELL**
Partner and Deputy Chair,
Consumer Protection Defense;
Deputy Co-Chair, Litigation

**Direct**  310.282.2273
**Main**  310.282.2000
**Fax**  310.919.3912
mcampbell@loeb.com

10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067

Via E-mail (jeffrey.cohen@flastergreenberg.com)
(ken@goldinauctions.com)
Via Facsimile (856.661.1919)
Via U.S. Mail

May 6, 2013

Kenneth Goldin
Goldin Auctions c/o HD Fulfillment
423 Commerce Lane Suite #4
West Berlin, NJ 08091

Jeffrey A. Cohen
Shareholder
Flaster/Greenberg
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ  08002-4609

Re:   **Kobe Bryant v. Goldin Auction, LLC, et al.,**
      **Orange County Superior Court Case No. 30-2013-00647629-CU-NP-CJC**

Gentlemen:

Enclosed herewith, please find a copy of the Complaint filed against Goldin Auctions, LLC in the Superior Court for the State of California, County of Orange.

This shall serve as formal written notice that Plaintiff Kobe Bryant will appear *ex parte* on **Tuesday, May 7, 2013, at 8:30 a.m. in Department C22** of the Orange County Superior Court, Central Justice Center, located at 700 Civic Center Drive West, Santa Ana, CA 92701, for:

- A Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction to restrain and enjoin defendant Goldin Auctions, LLC ("Goldin") from (1) auctioning, selling, assigning, licensing, pledging, encumbering, impairing, or in any way disposing of any property that is owned by Mr. Bryant but possessed or controlled by Goldin (the "Kobe Bryant Property"), and from (2) destroying, altering, disposing of, transferring to a different location, or in any way concealing any of the Kobe Bryant Property; and

- An Order to Show Cause Re the Appointment of a Receiver to locate, secure, take possession of, inventory, catalog, photograph and preserve the Kobe Bryant Property, and to preserve all documents and tangible things pertaining to the same.

This motion is made on the grounds that Mr. Bryant will likely prevail on the merits of his complaint for conversion and declaratory relief and on the grounds that he will suffer great and irreparable injury if Goldin Auctions is allowed to sell the Kobe Bryant Property at its June 2013 Auction.

Los Angeles   New York   Chicago   Nashville   Washington, DC   Beijing   Hong Kong   www.loeb.com

A limited liability partnership including professional corporations

LA2295352.1
115749-10014



Please advise me *immediately* whether you will appear at and oppose Mr. Bryant's ex parte application.

Best regards,

Mark D. Campbell
Partner and Deputy Chair, Consumer Protection Defense; Deputy Co-Chair, Litigation

Enclosure

1   Mark D. Campbell (State Bar No. 180528)
    Eric B. Schwartz (State Bar No. 266554)
2   LOEB & LOEB LLP
    10100 Santa Monica Boulevard, Suite 2200
3   Los Angeles, California 90067-4120
    Telephone:  (310) 282-2000
4   Facsimile:  (310) 282-2200

5   Attorneys for Plaintiff
    KOBE BRYANT

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9     FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

10

11   Kobe Bryant,                   Case No.

12         Plaintiff,           COMPLAINT FOR:

13       vs.                   (1) CONVERSION

14   Goldin Auctions, LLC; and DOES 1     (2) DECLARATORY RELIEF
    through 25, inclusive,

15

16         Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1    Plaintiff, KOBE BRYANT, for his complaint against defendant GOLDIN

2  AUCTIONS, LLC, and DOES 1 through 25 (collectively, "Defendants") alleges as

3  follows:

**PARTIES**

4

5    1.    Plaintiff Kobe Bryant ("Plaintiff" or "Bryant") is an individual residing in

6  Newport Coast, California.  Mr. Bryant is a professional basketball player for the Los

7  Angeles Lakers.  Since he was selected in the first round of the 1996 National Basketball

8  Association ("NBA") draft he has amassed numerous accolades, including, among many

9  other things, 5 NBA championships, 2 NBA Finals Most Valuable Player awards, an NBA

10  Most Valuable Player award, two NBA scoring titles, and he has been selected to the NBA

11  All-Star team 15 times.

12    2.    Plaintiff is informed and believes and on that basis alleges that defendant

13  Goldin Auctions, LLC ("Defendant" or "Goldin") is a Nevada limited liability company

14  with its principle place of business located at 423 Commerce Lane, Suite #4, West Berlin.

15  New Jersey.

16    3.    Plaintiff is not aware of the true names and capacities of the defendants

17  identified herein as Does 1 through 25, inclusive, and therefore fictitiously names those

18  defendants.  Plaintiff will amend this Complaint to allege the true names and capacities of

19  these fictitiously named defendants when their identities are ascertained.

20    4.    Plaintiff is informed and believes, and thereon alleges, that Goldin and each

21  of the fictitiously named Doe defendants (collectively "Defendants") were in some manner

22  responsible for the acts alleged herein and the harm, losses and damages suffered by

23  Plaintiff as alleged hereinafter.  Plaintiff is also informed and believes that, while

24  participating in such acts, each Defendant was the agent, alter ego, conspirator, and aider

25  and abettor of the other Defendants and was acting in the course and scope of such agency

26  and/or acted with the permission, consent, authorization or ratification of the other

27  Defendants.

28

1

COMPLAINT FOR CONVERSION

**JURISDICTION AND VENUE**

5.     The Court has jurisdiction over each of the Defendants, pursuant to California Code of Civil Procedure Section 410.10, as Plaintiff is informed and believes, and thereon alleges, that each of the Defendants has transacted business in the State of California during all times relevant to Plaintiff's claims asserted herein.  Moreover, Plaintiff is informed and believes that Goldin has had systematic and regular contacts in the State of California by way of its online internet auctions and regular participation in local collector's conventions, including the Coin, Stamp & Sports Collectible Expo in Long Beach, California.  Also, Goldin has purposefully directed his activities at Plaintiff, a California resident.

6.     Venue is also proper in the Superior Court of Orange County pursuant to California Code of Civil Procedure Sections 395(a) and 395.5.

**FACTUAL ALLEGATIONS**

7.     This case concerns the illegal efforts of Goldin, a New Jersey auction house, to sell invaluable sports memorabilia owned by Kobe Bryant, including irreplaceable items from his past such as his high school basketball jerseys and state championship rings.  Mr. Bryant seeks to prevent the sale of his personal property by Goldin and to force the return of the personal property, which holds tremendous sentimental value to him.

8.     Upon information and belief, on December 27, 2012, Plaintiff's mother, Pamela Bryant, offered Goldin the opportunity to auction for sale numerous items of sports memorabilia from Plaintiff's basketball career.  Upon information and belief, Pamela Bryant falsely represented to Goldin that Plaintiff had gifted the memorabilia to her. Goldin agreed to offer the memorabilia for sale at auction.

9.     Upon information and belief, on or about January 2, 2013, Pamela Bryant signed a Consignment Agreement with Goldin by which she agreed to consign certain Kobe Bryant memorabilia to Goldin to be offered for public sale at auction.  In addition, Pamela Bryant signed letters of authenticity ostensibly certifying that she is Plaintiff's

1   mother and that the to-be-auctioned memorabilia was free of any liens and encumbrances.

2   The memorabilia was delivered to Goldin on January 3, 2013.

3        10.    Upon information and belief, pursuant to the Consignment Agreement, on

4   January 3, 2013, Goldin wired $450,000 to a bank account controlled by Plaintiff's

5   parents, Joseph and Pamela Bryant.

6        11.    Plaintiff was never provided notice of, or otherwise consulted regarding, the

7   Consignment Agreement prior to its execution by Goldin and Pamela Bryant.  Indeed,

8   Plaintiff did not learn of the purported consignment of his personal property until Goldin

9   issued a press release several months later.

10       12.    On April 30, 2013, Goldin issued a press release (the "April 30 Press

11  Release") announcing that in June 2013, it intends to auction "The Kobe Bryant

12  Collection," consisting of "100+ unique items from Kobe Bryant's childhood, high school

13  career and entry into the NBA including championship rings and high school game worn

14  uniforms."  Listed among the "100+ unique items," are, among other things, several of

15  Plaintiff's high school basketball uniforms, his 1996 high school McDonald's All-

16  American ring, his 1996 high school State Championship ring, his 1998 and 2000 NBA

17  All-Star rings, and many other irreplaceable historical items owned by Plaintiff.

18       13.    The April 30 Press Release creates a false and misleading impression that

19  Plaintiff was involved in the consignment of The Kobe Bryant Collection.  In the April 30

20  Press Release, Goldin claims that "[a]ll of the items have been consigned to auction by the

21  Bryant family," and further states that "[i]t is gratifying to once again work with the Bryant

22  family . . . ."  The April 30 Press Release continues with a glamorized portrayal of

23  Goldin's supposed prior work with Plaintiff.  These statements falsely insinuate that Mr.

24  Bryant himself consigned The Kobe Bryant Collection for auction.  He did not.  The April

25  30 Press Release, and all other advertisements, solicitations and promotions concerning

26  The Kobe Bryant Collection, were and are wholly unauthorized by Plaintiff.

27       14.    Goldin does not have the right to sell the items in The Kobe Bryant

28  Collection, or any of Plaintiff's property.  With possibly one or two exceptions, all of the

1  items listed for auction in The Kobe Bryant Collection are the rightful personal property of

2  Plaintiff and no one in the "Bryant family" besides Plaintiff has any rights to these items.

3         15.    Certain of the items listed in The Kobe Bryant Collection were last seen by

4  Plaintiff and/or his wife, Vanessa Bryant, in their personal residence.  Although it is

5  unclear how Goldin ultimately came to possess those items, it is clear that those items were

6  surreptitiously taken from Plaintiff residence without his permission.  At no time did

7  Plaintiff grant Goldin, or any other party, the right to possess or sell any of the items that

8  were illegally taken from his home.

9         16.    The remaining items identified by Goldin in The Kobe Bryant Collection

10  were left by Plaintiff in the care of his mother, Pamela Bryant.  Although Pamela Bryant

11  maintained possession of certain of Plaintiff's personal property for the benefit of Plaintiff,

12  he never granted his mother ownership of that property, nor the right to consign such

13  property for auction.

14         17.    To the contrary, Plaintiff made it very clear on numerous occasions that the

15  items listed in The Kobe Bryant Collection, as well as any other property owned by

16  Plaintiff but in Pamela Bryant's possession or control (collectively with The Kobe Bryant

17  Collection, the "Kobe Bryant Property"), was to be held by Pamela Bryant for the benefit

18  of Plaintiff.  Indeed, beginning many years prior to the execution of the Consignment

19  Agreement, Plaintiff and his wife made repeated requests to Pamela Bryant that she return

20  the Kobe Bryant Property, so that they may eventually give those items to their own

21  children.  Those appeals became increasingly urgent after Plaintiff discovered that Pamela

22  Bryant had placed some or all of the Kobe Bryant Property at risk of theft in a storage

23  facility after she converted Plaintiff's childhood bedroom into a toy room for Plaintiff's

24  nieces.  Pamela Bryant promised Plaintiff that she would return the Kobe Bryant Property,

25  but she never did.

26         18.    Plaintiff also demanded that Goldin return any and all Kobe Bryant Property

27  in its possession or control.  Specifically, on April 30, 2013, counsel for Plaintiff sent a

28  letter to Goldin demanding: (1) the immediate return of Plaintiff's personal property; (2)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

4

COMPLAINT FOR CONVERSION

1   immediate cessation of any and all references to the "Bryant family" that insinuate that

2   Plaintiff was in any way involved with the consignment of his items for auction; and (3)

3   that Goldin provide assurances that it immediately discontinue the June 2013 auction of

4   Plaintiff's personal property (the "Cease and Desist Letter"). A true and correct copy of

5   the Cease and Desist Letter is attached hereto as Exhibit "A".

6          19.   Goldin refused to comply with any of Plaintiff's demands. Instead, on May

7   2, 2013, Goldin filed a complaint against Mr. Bryant in the United Stated District Court for

8   the District of New Jersey for expedited declaratory relief, thereby initiating an action

9   entitled *Goldin Auctions, LLC v. Kobe Bryant*, D.N.J. Case No. 13-2816 (RMB/JS).

10  Goldin absurdly claims that it will suffer irreparable harm (i.e., loss of the money

11  advanced to Pamela Bryant), if it is precluded from going forward with the June 2013

12  Auction. Goldin concurrently moved the Court for a temporary restraining order and order

13  to show cause why Mr. Bryant should not be enjoined from interfering with the June 2013

14  auction. The hearing on the order to show cause is currently set for May 14, 2013. The

15  New Jersey action, however, is ineffective as to Mr. Bryant due to a lack of personal

16  jurisdiction.

17         20.   The Kobe Bryant Property has tremendous sentimental value for Plaintiff

18  and he desires to hand down his well-earned memorabilia to his children. No amount of

19  money can compensate Plaintiff should his unique, irreplaceable personal property, which

20  was gathered over an illustrious, decades-long basketball career, be sold to strangers at a

21  public auction for Goldin's monetary gain.

22                          **FIRST CAUSE OF ACTION**

23                              **(Conversion)**

24         21.   Plaintiff hereby incorporates Paragraphs 1 through 20 as though fully set

25  forth herein.

26         22.   At all times herein mentioned, Plaintiff was, and still is, lawfully entitled to

27  possession of the Kobe Bryant Property, which Defendant Goldin converted to its own use.

28

23.     Due to Defendant's wrongful acts of conversion alleged above, Plaintiff suffered damages in an amount to be determined at trial.

24.     By virtue of the foregoing, Defendant was unjustly enriched at Plaintiff's expense in an amount to be determined at trial.

25.     Defendant's wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff in that the items in Defendant's possession have enormous sentimental value and are irreplaceable.

26.     Plaintiff has no adequate remedy at law for the injuries that are threatened in that monetary damages cannot compensate Plaintiff for the loss of such unique, sentimental and personally meaningful items.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

27.     Plaintiff hereby incorporates Paragraphs 1 through 26 as though fully set forth herein.

28.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties in that Plaintiff contends that he is lawfully entitled to possession of the Kobe Bryant Property and that Defendant Goldin converted the Kobe Bryant Property to its own use.  Defendant Goldin contends that it is in lawful possession of the Kobe Bryant Property and may offer it for sale at public auction.

29.     Plaintiff desires a judicial determination of his right to possess the Kobe Bryant Property to the exclusion of all others, and determination of Goldin's duty to return the Kobe Bryant Property to Mr. Bryant.

30.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights to the Kobe Bryant Property, and his ability to prevent Goldin from selling Plaintiff's unique, irreplaceable personal property.

31.     If Plaintiff's personal property is sold by Goldin at public auction, Plaintiff will be irreparably harmed as it will be impossible to replace one-of-a-kind items like

1 Kobe Bryant's high school jerseys and commemorative rings.  No amount of money can

2 compensate Plaintiff for the irrevocable loss of these sentimentally charged items.

3      32.    Accordingly, Plaintiff seeks an order declaring that Plaintiff has the

4 exclusive right to possess the Kobe Bryant Property, that Defendant hold the Kobe Bryant

5 Property in trust for Plaintiff, and for an order compelling Defendant to convey to Plaintiff

6 the Kobe Bryant Property.

7 <center>**PRAYER FOR RELIEF**</center>

8     WHEREFORE, Plaintiff prays judgment in its favor and against Defendants as

9 follows:

10     1.    For temporary, preliminary and permanent injunctive relief prohibiting

11 Defendants, their agents, or anyone working for, in concert with or on behalf of

12 Defendants from:

13         a.  auctioning, selling, assigning, licensing, pledging, encumbering,

14 impairing, or in any way disposing of the Kobe Bryant Property; and

15         b.  destroying, altering, disposing of, transferring to a different location, or in

16 any way concealing any of the Kobe Bryant Property.

17     2.    For the appointment of a receiver to locate, secure, take possession of,

18 inventory, catalog, photograph and preserve the Kobe Bryant Property, and to preserve all

19 documents and tangible things pertaining to the same;

20     3.    For damages according to proof at trial;

21     4.    For an accounting of Defendants' profits and unjust enrichment;

22     5.    For an order declaring that Plaintiff has the exclusive right to possess the

23 Kobe Bryant Property, that Defendant hold the Kobe Bryant Property in trust for Plaintiff,

24 and for an order compelling Defendant to convey to Plaintiff the Kobe Bryant Property;

25     6.    For costs of suit herein incurred; and

26 ///

27 ///

28 ///

1      7.    For such other and further relief as the Court may deem proper.

2  Dated: May 6, 2013          LOEB & LOEB LLP

3                             MARK D. CAMPBELL
ERIC B. SCHWARTZ

4

5                           By

6                                Mark D. Campbell

7                            Attorneys for Plaintiff
KOBE BRYANT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

COMPLAINT FOR CONVERSION



**MARK D. CAMPBELL**
Partner

10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067

Direct    310.282.2273
Main     310.282.2000
Fax      310.919.3912
mcampbell@loeb.com

Via E-mail (ken@goldinauctions.com)
Via Facsimile ((856) 767-8553)

April 30, 2013

Kenneth Goldin
Goldin Auctions c/o HD Fulfillment
423 Commerce Lane Suite #4
West Berlin, NJ 08091

Re:    *Goldin Auctions Presents: The Kobe Bryant Collection*

Dear Mr. Goldin:

Loeb & Loeb LLP is counsel for Kobe Bryant.

It has come to our attention that Goldin Auctions intends to offer items relating to Kobe Bryant in its June 2013 auction.  According to a press release dated April 30, 2013, Goldin Auctions purportedly received these items on consignment from the "Bryant family."  We have reviewed the Kobe Bryant inventory list on Goldin Auctions' website and have determined (with perhaps one or two exceptions) that all items listed for auction are the rightful property of Kobe Bryant.  No one in the "Bryant family", besides Kobe Bryant himself, has any rights to these items.  Kobe Bryant has made previous demands for the return of his personal property, however, these demands have been repeatedly ignored.  Moreover, we have reason to believe that some of the items listed for auction were illegally removed from Kobe Bryant's home. Please be advised that if Goldin Auctions proceeds with the auction of these illegally obtained and retained items it will face both civil and criminal liability for dealing in stolen property.

Kobe Bryant has in no way consigned these items to Goldin Auctions.  Indeed, we believe that these items were obtained by Goldin Auctions from other members of Kobe Bryant's family without his knowledge or consent.  Yet, Goldin Auctions has created the false and misleading impression that Kobe Bryant was involved in the consignment of these items. In the same press release dated April 30, 2013, Goldin Auctions states "[a]ll of the items have been consigned to auction by the Bryant family."  Additionally, you are quoted as saying "[i]t is gratifying to once again work with the Bryant family..."  You continue with a glamorized portrayal of your prior work with Kobe Bryant.  These statements falsely insinuate that Kobe Bryant himself consigned these items for auction.  Goldin Auctions is hereby put on notice that these advertisements, solicitations and promotions are wholly unauthorized by Kobe Bryant.  By engaging in this conduct, Goldin Auctions is infringing upon Kobe Bryant's publicity and other associated rights. [1]  Specifically, Goldin Auction's promotion of the unauthorized use of Kobe Bryant's name violates California Civil Code Section 3344 – a provision of law that authorizes the recovery of actual

---

[1]Your conduct may also amount to tortious interference with Kobe Bryant's existing contractual endorsement relationships.



Kenneth Goldin
April 30, 2013
Page 2

damages for the unauthorized use of one's right of publicity.  Moreover, Section 3344 provides that the prevailing party may be entitled to recover punitive damages and "shall be entitled to attorneys' fees and costs," while simultaneously authorizing the pursuit of all additional remedies "provided for by law."

This letter is intended to notify Goldin Auctions of the consequences of its actions, and to demand that Goldin Auctions immediately **cease and desist** any and all further violations of the law and Kobe Bryant's rights.  This demand includes, without limitation: (1) the immediate return of Kobe Bryant's personally property; (2) ceasing any and all references to the "Bryant family" that insinuate that Kobe Bryant was in any way involved with the consignment of these items for auction, (3) providing further assurance **by Wednesday, May 1, 2013**, that Goldin Auctions will immediately discontinue the June 2013 auction featuring items belonging to Kobe Bryant.

Please be advised that should Goldin Auctions fail to comply with the demands set forth above, Kobe Bryant will **immediately** pursue all available legal and equitable remedies against Goldin Auctions and against any participating third-parties.  Such remedies include, without limitation, temporary, preliminary and permanent injunctive relief, compensatory, statutory and punitive damages, and recovery of Kobe Bryant's attorneys' fees.

This letter is not intended to be and is not a complete statement of our client's factual or legal positions.  Neither is this letter intended to be, nor shall it constitute, a waiver of, or limitation upon, any of Kobe Bryant's legal or equitable rights or remedies, all of which are hereby expressly reserved.

We anticipate your prompt compliance and response to this demand.  I can be contacted at the number above if you wish to discuss this matter further.

Sincerely,

Mark D. Campbell
Partner


cc:     Pamela and Joseph Bryant, via email

Exhibit F

Job number    : 619        *** SEND SUCCESSFUL ***





Main  310.282.2000
10100 Santa Monica Boulevard
Suite 2200
Los Angeles, CA 90067-4120

**FACSIMILE**

This transmission is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

| | | | |
|---|---|---|---|
| **Date:** | May 8, 2013 | **Time:** | 9:46 AM    808 |
| **To:** | Kenneth Goldin<br>Goldin Auctions c/o HD Fulfillment | **Fax:**<br>**Phone:** | 856-767-8553<br>856-767-8550 |
| **To:** | Jeffrey A. Cohen, Esq.<br>Flaster/Greenberg | **Fax:**<br>**Phone:** | 856-661-1919<br>856-382-2240 |
| **From:** | Mark D. Campbell<br>Personal ID:       10666<br>Client/Re:       115749-02517 | **Fax:**<br>**Phone:** | 310.919.3912<br>310.282.2273 |

**Pages (including Cover):**   14

If transmission is not complete, please call our operator at 310.282.2103.

**MESSAGE TO ADDRESSEE:**       **Please see attached letter of today's date.**

LA2285421.1
115749-02517

# Group Send Report

```
                              Page      : 001
                              Date & Time: 05-06-13   09:53am
                              Line 1    : 3102822200
                              Line 2    :
                              Machine ID : LOEB & LOEB
```

| | | |
|---|---|---|
| Job number | : | 619 |
| Date | : | 05-06  09:48am |
| Number of pages | : | 014 |
| Start time | : | 05-06  09:48am |
| End time | : | 05-06  09:53am |

Successful nbrs.

    Fax numbers

        ☎#80818567678553
        ☎#80818566611919

Unsuccessful nbrs.                                    Pages sent

Exhibit G

**Eric Schwartz**

| | |
|---|---|
| **From:** | Mark Campbell |
| **Sent:** | Monday, May 06, 2013 11:13 AM |
| **To:** | 'Kenneth Goldin (ken@goldinauctions.com)'; 'Cohen, Jeffrey (Jeffrey.Cohen@flastergreenberg.com)' |
| **Cc:** | Eric Schwartz |
| **Subject:** | RE: Ex Parte Notice |

Gentlemen,

Further to my earlier correspondence, I just learned that Judge Fell is unavailable tomorrow.  The matter will be heard instead at 1:30 p.m. in Department 20 of the same court before the Honorable Judge David R. Chaffee.

Best regards,

Mark Campbell

---

**From:** Mark Campbell
**Sent:** Monday, May 06, 2013 9:45 AM
**To:** 'Kenneth Goldin (ken@goldinauctions.com)'; 'Cohen, Jeffrey (Jeffrey.Cohen@flastergreenberg.com)'
**Cc:** Eric Schwartz
**Subject:** Ex Parte Notice

Please see attached correspondence of today's date.

Mark D. Campbell